

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 11, 1958

Hon. Zollie Steakley
Secretary of State
Austin, Texas

Hon. William A. Harrison
Commissioner of Insurance
Austin, Texas

Gentlemen:

Opinion No. WW-447

Re: Whether a domestic or foreign corporation may qualify in Texas to act as the general agent of an insurance company other than a life insurance company.

You have each submitted requests for the opinion of this office as to whether a domestic or foreign corporation may qualify in Texas to act as the general agent of an insurance company other than a life insurance company. The Secretary of State has also submitted two purpose clauses of proposed corporations which desire to do business in Texas as such general agents. We have also received and carefully considered briefs of attorneys representing corporations having an interest in the question involved.

The basic question to be determined is as follows:

"Under the provisions of the Texas Business Corporation Act, may a corporation be formed or may a foreign corporation be admitted to do business in Texas to act as the general agent for an insurance company other than a life insurance company?"

The opinion request of the Commissioner of Insurance refers to certain opinions by prior Attorneys General, specifically referring to Opinion No. O-1931 dated February 14, 1940, by Honorable Gerald C. Mann, and Opinions No. O-3250 dated May 14, 1941, and O-7302 dated August 19, 1946, by Honorable Grover Sellers, all of the opinions being addressed to Honorable Marvin Hall, Fire Insurance Commissioner of the Board of Insurance Commissioners. All of these opinions specifically hold that a general agent's license could not be granted by the Board of Insurance Commissioners to a corporation on account of the statutory provisions then in force and effect, and which are still in force and effect, being Article 2105, and Section 3, Article 21.14, Texas Insurance Code. Attorney General's Opinions Nos. O-3250 and O-7302 also held that absent the provisions prohibiting a corporation to act as agent for an insurance company, including a life insurance company, there was no statutory provision in the general corporation laws of Texas which would permit the creation of a domestic corporation to act as general

agent for an insurance company of any description, or for a foreign corporation to secure a permit to do business in Texas for that purpose. All of the opinions of the Attorneys General were rendered prior to the effective date of the Texas Business Corporation Act, and therefore if the provisions of the Texas Business Corporation Act did not enlarge the purposes for which such a corporation could be formed, or for which a foreign corporation might receive a certificate of authority to conduct such business in Texas, then, of necessity, the holdings of the prior Attorneys General in the opinions above referred to should be followed.

Article 2.01-B(1) of the Business Corporation Act specifically provides that no corporation may adopt or be organized under or obtain authority to transact business in this State under the act if any one or more of its purposes for the transaction of business in this State is expressly prohibited by any law of this State.

Article 21.02 of the Insurance Code provides that any person who solicits insurance on behalf of any insurance company or who takes or transmits other than for himself any application for insurance to or from such company, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk or receive or collect or transmit any premium of insurance, or make or forward any diagram of any building or buildings, or do or perform any other act in the making or consummating of any contract of insurance for or with such insurance company, or who shall examine into or adjust any loss for any such insurance company, whether any of such acts shall be done at the request or by the employment of such insurance company, shall be held to be the agent of the company for which the act is done. Article 21.05 provides that no corporation shall be licensed or granted a certificate of authority as the agent or representative of any life insurance company who in any manner places life insurance policies or contracts in Texas. Article 21.14, Section 1, provides that "Insurance agents, as that term is defined in the laws of this State, shall for the purpose of this article be divided into two classes: Local Recording Agents and Solicitors." Section 3, Article 21.14, provides specifically that "The Board shall not issue a license to a corporation."

The Texas Insurance Code does not specifically define the term, "general agent", nor are any references to a general agent to be found therein except in Section 20(d), Article 21.14, which provides that "any General Agent or State Agent or Branch Manager representing an admitted and licensed insurance company or carrier, or insurance companies or carriers, in a supervisory capacity" shall be exempt from all provisions of Article 21.14. It may be noted that although the duties of a general agent are not specifically defined, nevertheless, the words,"representing

an admitted and licensed insurance company or carrier. . .
in a supervisory capacity" would definitely limit the authority
of such general agent to act for the insurance company or
carrier in the supervision of the insurer's activities.

Article 21.14 incorporates by reference the provisions of
Article 21.02, since it specifically refers to the term "insurance
agents, as that term is defined in the law of this State". Article
21.14 provides generally for the licensing of all insurance agents
representing insurance companies or carriers other than life
insurance companies, and Section 20 exempts certain classes of
persons who perform certain of the functions of an insurance agent
as defined in Article 21.02 from obtaining such license. In
addition to exempting a general agent or State agent or branch
manager representing an insurance company in a supervisory capa-
city, it is not necessary for an actual full-time home office or
salaried traveling representative of an insurance company licensed
to do business in Texas to have a license. Any attorney-in-fact
or traveling salaried representative of a reciprocal or inter-
insurance exchange doing business in Texas is also exempt from the
necessity of obtaining a license, as are adjusters of losses
and inspectors of risks, and attorneys in fact for an organization
doing an insurance business under the Lloyds Plan. Sub-division
(f) of Section 20, however, specifically exempts all <u>incorporated</u>
and unincorporated mutual insurance companies and their agents or
representatives operating under the authority of Chapters 16 and
17 of the Insurance Code, and sub-division (g) exempts, <u>in toto,</u>
all members, agents, employees, or representatives of any county
or farm mutual insurance company exempted under Chapters 16 and
17 of the Code. The conclusion must therefore be drawn that the
omission of the word "corporation" from the exemption from obtain-
ing an insurance agent's license under the provisions of Article
21.14, which is extended to a general agent, special agent, or
branch manager, acting in a supervisory capacity for an insurance
carrier, does not necessarily constitute a legislative authoriza-
tion or permission for such general agent, special agent, or
branch manager to be a corporation.

One of the purpose clauses submitted to the Secretary of State
as part of the proposed articles of incorporation of a domestic
corporation is as follows:

"To exercise a general supervision or control over the
business of one or more insurance companies (excluding life
insurance companies) in this State (but not to operate
insurance companies as such) and to maintain a supervisory
office or offices, with the authority to appoint local agents
or special agents and, in the case of fire, marine and
casualty insurance companies,to receive, record, inspect,
underwrite and file the daily reports from local agents of
the business done by such local agents.

Hon. Zollie Steakley
Hon. William A. Harrison, page 4 (WW-447)

> "In general, to carry out any other business in connection
> with the foregoing and to have and execute all the powers
> conferred by the laws of the State of Texas upon corpora-
> tions formed under the Texas Business Corporation Act and
> to do any and all things hereinabove set forth to the same
> extent that natural persons might or could do (except that
> it may not act as, nor perform the functions of, a 'local
> recording agent' as the latter term is defined in the
> Insurance Code)."

Another purpose clause which has been submitted to the Secretary
of State by a foreign corporation requesting the issuance of
a Certificate of Authority to transact business in Texas is as
follows:

> "To act as General Agent for admitted and licensed
> insurance companies, in a supervisory capacity, includ-
> ing the right to exercise a general supervision and con-
> trol over the business of one or more such insurance
> companies in this State, and maintain a supervisory office
> or offices, with the authority to appoint local agents or
> special agents; to receive, record, inspect, underwrite
> and file the daily reports from local agents of the business
> done by such local agent, it being expressly provided,
> however, that such corporation shall have no authority to
> act in any event for an insurance company or carrier author-
> ized to transact a life insurance business. Such corporation
> shall have such authority, if any, as may lawfully be extended
> to it under the provisions of Article 21.38 of the Insurance
> Code of Texas."

It will be noted that the proposed purposes above set forth are,
with certain exceptions hereinafter noted, almost identical. If
the purpose clauses in question were limited to the phrase, "To
act as general agent for one or more admitted and licensed
insurance companies or carriers in a supervisory capacity", there
would be no question that such purpose would be a lawful purpose
within the meaning of Article 2.01A of the Business Corporation
Act since the provisions of Section 20(d), Article 21.14, Texas
Insurance Code, specifically except a general agent representing
an admitted and licensed insurance company or carrier or insurance
companies or carriers in a supervisory capacity from the prohi-
bition contained in Section 3, Article 21.14, that the Board shall
not issue a license to a corporation.

Therefore it is necessary to analyze the phraseology of each of
the foregoing purpose clauses in order to ascertain whether all
or any part thereof would authorize a corporation to do or per-
form any of the functions connected with the issuance of an
insurance policy which are specifically described in Article
21.03, supra. While the words, "to act as general agent", do not

appear in the purpose clause of the proposed domestic corporation, nevertheless, this purpose clause, when construed in its entirety, clearly authorizes a corporation to act as a general agent for an insurance carrier or carriers, not only in a supervisory capacity, but also to perform certain of the functions of such insurance carrier, which is manifested by the use of the word, "control", and therefore the parenthetical phrase ("but not to operate insurance companies as such)" does not negative the broad power of the general agent to exercise control over the functions specifically referred to later on in the purpose clause.

The purpose clause of the proposed domestic corporation authorizes a corporate general agent "to carry out any other business in connection with the foregoing, and to have and execute all of the powers conferred by the laws of the State of Texas upon corporations formed under the Texas Business Corporation Act, and to do any and all things hereinabove set forth to the same extent that natural persons might or could do, . . ." with the exception that it could not perform any of the functions of a local recording agent as that term is defined in the Insurance Code. The foregoing does not constitute a statement of the purpose for which the corporation is being formed, but is a declaration or restatement of the powers granted to any corporation under Article 2.02 of the Business Corporation Act. Therefore, the quoted paragraph does not constitute a part of the purpose clause of the proposed corporation since the powers set forth therein are possessed by the corporation as a matter of law upon the granting of its charter.

In the purpose clause proposed by the foreign corporation requesting the issuance of a certificate of authority there appears the following sentence:

"Such corporation shall have such authority, if any, as may lawfully be extended to it under the provisions of Article 21.38 of the Insurance Code of Texas."

Article 21.38 contains seven sections which regulate the writing of insurance by insuring insurance companies or carriers which are not authorized to do business in Texas, and is too long to be restated here. Section 2 of the Act provides, generally, for the licensing of agents thereunder, and provides that such license may issue "to an agent who is regularly commissioned to represent one (1) or more fire, fire and marine, inland, casualty or surety insurance companies, licensed to do business in this State, . . . .". It is clear that insofar as delegable duties of an insurance company are concerned, that Article 21.38 principally regulates the issuance of policies by an insurance company not licensed to do business in the State by local recording agents to the general public, such local recording

agents being licensed under Article 21.14 of the Texas Insurance Code. As previously discussed, a corporation may not act as a local recording agent. In view of the nature of Article 21.38, it is the opinion of this office that the above quoted purpose clause is deceptive and amounts to less than a full statement of the corporate purpose intended to be pursued by virtue thereof and is therefore violative of Article 2.01A of the Business Corporation Act.

It is the opinion of this office that a charter may be granted to a domestic corporation and a certificate of authority be issued to a foreign corporation by the Secretary of State containing a purpose clause, "to act as general agent for one or more admitted or licensed insurance companies or carriers, other than life insurance companies or carriers, in a supervisory capacity; provided that it may not act as a local recording agent or solicitor as such terms are defined in Section 2, Article 21.14 of the Texas Insurance Code; and the Commissioner of Insurance may thereafter lawfully issue a certificate of authority or permit to such corporation in accordance with the provisions of the Texas Insurance Code.

## SUMMARY

A charter may be granted to a domestic corporation and a certificate of authority be issued to a foreign corporation by the Secretary of State containing a purpose clause, "to act as general agent for one or more admitted and licensed insurance companies or carriers, other than life insurance companies or carriers, in a supervisory capacity, provided that it may not act as a local recording agent or solicitor as such terms are defined in Section 2, Article 21.14 of the Texas Insurance Code", and the Commissioner of Insurance may thereafter lawfully issue a certificate of authority or permit to such corporation for such purpose in accordance with the provisions of the Texas Insurance Code.

Yours very truly,

Will Wilson
Attorney General of Texas

s/ Fred B. Werkenthin

By
Fred B. Werkenthin
Assistant

FBW:lm

APPROVED:
OPINION COMMITTEE:
C. K. Richards, Chairman
J. Mark McLaughlin
Linward Shivers

Reviewed for the Attorney General
By: W. V. Geppert